UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
In re                                         :
                                              :      Chapter 7
Floyd Eugene Buckley                          :
Evelyn Grace Buckley                          :      Case No. 18-21238
                                   Debtors.   :
                                              :
---------------------------------------------------------- x

**LIMITED OBJECTION OF THE UNITED STATES TRUSTEE TO THE
APPLICATION BY TRUSTEE UNDER BANKRUPCY RULE 2014
FOR AN ORDER APPROVING EMPLOYMENT OF ATTORNEY**

TO:   THE HONORABLE PAUL R. WARREN,
      UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), in furtherance of the duties and responsibilities set forth in 28 U.S.C. § 586(a)(3) and (5), hereby respectfully files his Limited Objection (the "Objection") to the entry of an order approving the application to employ Douglas J. Lustig, Esq., of Dibble & Miller, P.C. as attorney for the trustee. In support of the Objection, the United States Trustee states as follows:

### I. SUMMARY STATEMENT

The United States Trustee objects to the Application because it appears the reason given for the necessity of the employment is now moot. In addition, $650 should not be allowed as a flat fee for a real estate closing without further explanation for why that figure is reasonable or should require that a fee application be filed outlining the time spent before allowance is granted.

As set forth in detail below, the Application should not be approved in its current form.

### II. BACKGROUND

1.   On November 30, 2018 (the "Petition Date"), the debtors filed a chapter 7 voluntary petition [ECF No. 1].

2. Douglas J. Lustig was appointed as interim trustee (the "trustee") [ECF No. 6].

3. On December 20, 2018, a creditor filed a motion for relief from stay regarding real estate at 6880 Boot Jack Hollow Road in Bath, New York [ECF No. 16]. A hearing on the motion was set for January 24, 2019 [ECF No. 18].

4. On January 22, 2019, over a month after the creditor's motion for relief from the stay was filed and just two days before the hearing, the trustee filed an objection to the motion to lift the stay, stating there might be equity available for unsecured creditors [ECF No. 24].

5. On January 23, 2019, the trustee filed an application to employ himself as attorney for the trustee [ECF No. 25], stating that the employment is necessitated by the fact that the debtors listed property located at 6880 Boot Jack Road in Bath, New York, which the trustee desired to list for sale. The professional services to be rendered include legal services in the liquidation of that parcel of real property, including the sale closing.

6. The United States Trustee's Office reviewed the application, which proposes to pay the applicant an hourly rate plus a flat fee of $650 should the property require a real estate closing. No explanation is included as to why the fee of $650 should be considered reasonable for a real estate closing. The United States Trustee's Office reached out to the trustee to obtain additional information and, to date, amendments have not been filed addressing the United States Trustee's concerns.

7. On January 24, 2019, the Court overruled the trustee's objection to the motion and granted the creditor's motion to lift the automatic stay on 6880 Boot Jack Hollow Road in Bath, New York. An order was entered on January 25, 2019 [ECF Nos. 29 and 30].

## III. DISCUSSION

### A. The Governing Law

**Section 327(a)**

Pursuant to Section 327(a):

> the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

"[A]pproval under Section 327 [of the Bankruptcy Code] establishes only that [a professional] may be employed by the debtor-in-possession, *and not that his employment will therefore or thereafter be compensated from estate funds.*" In re Engel, 124 F.3d 567, 572 (3d Cir. 1997)(emphasis added); see also In re Johns-Manville Corp., 32 B.R. 728, 731 (S.D.N.Y. 1983)("section 327 approvals are merely preliminary 'go aheads' rather than conclusive determinations [of fees and expenses]"). Therefore, Section 327 establishes no guaranteed right to payment of fees. Rather, this provision simply sets the guideposts for retention, such as requiring that the professional is disinterested and lacks any materially adverse interest. See 11 U.S.C. § 327(a).

**Sections 330 and 331**

Section 330(a) provides:

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee . . . an examiner, . . . or a professional person employed under section 327 or 1103-
>
> (A)  reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and
> (B)  reimbursement for actual, necessary expenses.

[3]

11 U.S.C. § 330(a)(1)(A) and (B).

**B.      The Application is Moot**

The Trustee's Application to employ himself as attorney appears to be moot. The reason for the employment was to liquidate the real property located at 6880 Boot Jack Road in Bath, New York. Before the Application was filed, however, a creditor filed a motion to lift the automatic stay on the property and said motion has been granted by the Court. If there are excess funds available after the creditor forecloses the property and sells it, the order directs that those excess funds would come to the trustee to administer in the bankruptcy estate.

**C.      An Explanation why $650 Is Reasonable or a Detailed Fee Application is Needed**

Should the Court decide the application to employ attorney for trustee is not moot, the applicant should be required to (1) provide information as to why $650 for a real estate closing should be allowed as a flat fee, (2) provide support as to why $650 should be considered reasonable for the real estate closing on 6880 Boot Jack Road in Bath, New York, or (3) include in the order approving employment the requirement to file a fee application outlining time spent before allowance of the fee is granted for a real estate closing on 6880 Boot Jack Road in Bath, New York.

## IV.  CONCLUSION

**WHEREFORE,** the United States Trustee respectfully requests that the Court withhold approval of the employment of Douglas J. Lustig, Esq., as attorney for the trustee and grant such

[4]

other and further relief as the Court may deem just and proper.

Dated: Rochester, New York
      February 5, 2019                                  Respectfully submitted,

                                                  WILLIAM K. HARRINGTON
                                                  UNITED STATES TRUSTEE, REGION 2

                                   By:    */s/ Kathleen Dunivin Schmitt*
                                                  Kathleen D. Schmitt, Esq.
                                                  Assistant United States Trustee
                                                  100 State Street, Room 6090
                                                  Rochester, NY 14614
                                                  Telephone: (585) 263-5812